**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

CHIROPRACTORS BUYING GROUP, INC.)
                              )
               Plaintiff,        )
                              )
v.                               )     Case No. _____
                              )
DSM SUPPLY, LLC            )
6320 Brookside Plaza, #503    )
Kansas City, MO 64113,       )
                              )
              Defendant.     )

## VERIFIED COMPLAINT

COMES NOW plaintiff Chiropractors Buying Group, Inc. and, for its Complaint against defendant DSM Supply, Inc., states as follows:

## SUMMARY OF ACTION

Defendant is engaged in a scheme to confuse consumers about the source of origin for the advertisements and goods it markets to the chiropractic profession. Fraudulently using plaintiff's trade name on its illegal, unsolicited fax advertisements, defendant is "commercially hitchhiking" on the goodwill and reputation built by plaintiff among its members and other chiropractors throughout the country. The defendant's advertising, falsely listing plaintiff as the source of origin, deceived consumers and risks irreparably harming plaintiff's reputation. Ignoring plaintiff's requests for defendant to cease this misconduct, defendant continues its misconduct in violation of multiple federal laws.

## PARTIES

1.     Plaintiff Chiropractors Buying Group, Inc. ("CBG") is a Michigan corporation with its principal place of business in Troy, Michigan.

WA 2356405.1

2.     Defendant DSM Supply LLC ("DSM"), based upon information and belief, has its principal place of business in Kansas City, MO. .

## JURISDICTION AND VENUE

3.     This Court has original jurisdiction over this action under 15 U.S.C. §1121 and diversity jurisdiction under 15 U.S.C. §1322.

4.     Defendant is a Missouri resident and committed tortious acts within the State. Therefore, defendant is subject to the jurisdiction of this court.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because defendant resides in this District and a substantial part of the events giving rise to the claim occurred in this District.

## GENERAL ALLEGATIONS

6.     CBG is the leading buying group in the nation for the chiropractic profession. CBG provides products and services to its members through the use of industry-leading buying solutions. As an industry leader known for its innovation, CBG has developed substantial goodwill among its members and customers and throughout the industry.

7.     CBG uses the trade name "Chiropractors Buying Group" in conjunction with the chiropractic products and services offered in interstate commerce. CBG has used this trade name continuously since its inception over five years ago and has successfully promoted the name throughout the relevant market. The "Chiropractors Buying Group" trade name, which also serves as plaintiff's corporate name, is referred to herein as "The Trade Name."

8.     CBG has expended substantial amounts of money, time, and effort to promote The Trade Name, including its internet websites using The Trade Name. As a result, the name has gained special significance identifying plaintiff as a leader in the subject market.

WA 2356405.1

9.      Defendant has misappropriated and fraudulently used The Trade Name to solicit chiropractors and other prospective customers.  Specifically, defendant has sent untold numbers of unsolicited faxed advertisements deceptively listing plaintiff as the source of the faxed ad and misusing The Trade Name.

10.     Defendant's conduct violates federal and state law; and  risks irreparable injury, loss, and damages to CBG.

## COUNT I–VIOLATION OF THE LANHAM ACT
## 15 U.S.C. 1125

11.     The allegations in paragraphs 1 through 10 above are incorporated herein by reference as though fully set forth herein.

12.     Plaintiff has used The Trade Name and the CBG Domain Name continuously in commerce for many years, in conjunction with the marketing and provision of goods and services to the chiropractic profession.

13.     Defendant's use of the name Chiropractors Buying Group is confusingly similar to The Trade Name.

14.     Defendant's use of The Trade Name was done with the intent to divert customers from plaintiff by creating the likelihood of confusion as to the source, sponsorship, association, approval, affiliation or endorsement of defendant's commercial activities.

15.     Defendant's use of The Trade Name constitutes a misrepresentation in the commercial promotion of the nature, characteristics, and geographic origin of its or another's products.

16.     Defendant's false and misleading representations of fact in its commercial activities are material in that they would tend to, and did, actually deceive the intended audience.

WA 2356405.1

17.     As a proximate result of defendant's acts as alleged herein, plaintiff will suffer great damage to its business, goodwill, reputation, and profits.

## COUNT II-COMMON LAW UNFAIR COMPETITION

18.     Plaintiff incorporates paragraphs 1 through 17 herein by reference as though fully set forth herein.

19.     The Trade Name has acquired special significance in the relevant market as identifying the plaintiff.

20.     Defendant unfairly has used The Trade Name to falsely designate its goods; all to plaintiff's prejudice.

21.     Defendant's improper use of The Trade Name creates a likelihood of confusion as to the source of goods and has, in fact, created such confusion among consumers.

22.     As a proximate result of defendant's acts as alleged herein, plaintiff risks suffering and will suffer great damage to its business, goodwill, reputation, and profits

## COUNT III-STATE LAW TRADEMARK INFRINGEMENT

23.     Plaintiff incorporates paragraphs 1 through 22 herein by reference as though fully set forth herein.

24.     Plaintiff owns and enjoys common law rights to The Trade Name through its use thereof, which rights are superior to any rights that defendant may claim in and to such names and marks.

25.     Defendant's acts and activities complained of herein are likely to injure the business reputation of plaintiff and to dilute the quality of plaintiff's marks in violation of Michigan and Missouri law.

WA 2356405.1

26.     Defendant's acts constitute trademark infringement in violation of Missouri and Michigan law.

27.     Defendant's acts have and are likely to continue to dilute The Trade Name.

28.     Plaintiff has been or will be damaged by defendant's acts of infringement.

## COUNT IV–INJUNCTIVE RELIEF

29.     Plaintiff incorporates paragraphs 1 through 28 as if fully set forth herein.

30.     As ser forth herein, defendant engaged in a scheme to make unauthorized and improper use of The Trade Name.

31.     Defendant's continued use of The Trade Name subjects plaintiff to irreparable harm.

32.     The determination of money damages to compensate CBG for the loss of customers, loss of goodwill, and prospective revenue and profits would be difficult to quantify and inadequate in wholly compensating plaintiff for the loss.

33.     Plaintiff has no adequate remedy at law to protect it from defendant's misconduct.

34.     The public interest favors an injunction prohibiting confusion over the source of the goods and services sold by defendant as well as misconduct in direct violation of the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227.

35.     This Court has the authority to enjoin defendant's unlawful activity and the irreparable harm inflicted upon plaintiff.

WHEREFORE, plaintiff prays for judgment in its favor against defendant as follows:

1.     For temporary, preliminary and permanent injunctions enjoining defendant from: engaging in any act directly or indirectly calculated to trade upon plaintiff's trade name and the reputation or goodwill of plaintiff; including the use of, including transmission of any faxed advertisement containing, the name Chiropractors Buying Group.

WA 2356405 1

2.      For an award of damages in excess of $75,000 and for treble damages pursuant to the

Lanham Act;

3.      For an award of reasonable attorneys' fees and costs; and

4.      For such other and further relief as this Court deems equitable and just.

SPENCER FANE BRITT & BROWNE LLP


By: /s Patrick J. Whalen
   Patrick J. Whalen, #45594
   1000 Walnut Street, Suite 1400
   Kansas City, MO 64106
   (816) 474-8100
   (816) 474-3216 (facsimile)
   pwhalen@spencerfane.com
ATTORNEYS FOR PLAINTIFF

6

WA 2356405.1

## VERIFICATION

STATE OF MICHIGAN    )
                            ) ss.
COUNTY OF OAKLAND   )

I, Clark Bien, of legal age, first being duly sworn, upon my oath state that I am Counsel for

Chiropractors Buying Group, Inc., the Plaintiff in the above and forgoing Verified Complaint, and

that the facts and matters stated herein are true and correct to the best of my information and belief.

Subscribed and sworn to before me this 28th day of June, 2010.

_____
Notary Public

My Commission Expires:

_11/07/2010_____

Karen M. Buszek, Notary Public
State of Michigan, County of Oakland
My Commission Expires 11/7/2010
Acting in the County of *OAKLAND*