IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHIROPRACTORS BUYING GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10-0647-CV-W-HFS |
| DSM SUPPLY, LLC, | ) ) | |
| Defendant. | ) ) | |

**TEMPORARY RESTRAINING ORDER**

Pending before the Court for consideration is plaintiff's Motion for Temporary Restraining Order. Counsel for plaintiff has verified the attempts to notify defendant.

Upon review of plaintiff's Verified Complaint, its Suggestions in Support, argument from counsel, and for good cause shown, the Court finds that this Order should issue given the imminent threat posed by the conduct of defendant to both plaintiff, through name confusion and unfair competition, and to the public interest, through violation of the Junk Fax Prevention Act, 47 U.S.C. § 227.

The Court finds that irreparable injury, loss, or damage likely will result to plaintiff, as noted, unless defendant is restrained from the activities identified below.

Plaintiff will suffer irreparable injury because no other legal remedy can be obtained or affected before the injury occurs and plaintiff is likely to prevail on the merits of its claim. This irreparable injury to plaintiff outweighs any injury to defendant that may occur if this Temporary Restraining Order is issued. The Temporary Restraining Order will not do injustice to the public interest, which will be advanced by entry of this Order which addresses alleged violations of state

and federal law.

IT IS HEREBY ORDERED that defendant DSM Supply, LLC and all persons acting in concert or participation with it who receive notice of this Order by personal service or otherwise, are prohibited from transmitting any faxed advertisements or publishing any promotional material containing the name Chiropractic Buying Group, otherwise suggesting any impression of any association with Chiropractic Buying Group, Inc. or erroneously indicating any connection with Chiropractic Buying Group, Inc.

This Order shall take effect upon plaintiff's giving security in the form of a $5,000 bond, and shall expire ten (10) days after the date on which security is given, unless extended by a subsequent Order from this Court.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

July  2 , 2010

Kansas City, Missouri